FILED

MAY 2 7 2020

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| WAYNE A. HUSSAR, II,<br><br>          Petitioner,<br><br>vs.<br><br>TOM GREEN,<br><br>          Respondent. | CV 19–64–H–DLC–JTJ<br><br><br>ORDER |

United States Magistrate Judge John T. Johnston issued his Order and Findings and Recommendation in this case on March 19, 2020, recommending that the Court deny Petitioner Wayne A. Hussar, II's petition for writ of habeas corpus for lack of merit. (Doc. 14.) Hussar timely filed an Objection to the Findings and Recommendation. (Doc. 15.) Consequently, Hussar is entitled to de novo review of those findings and recommendations to which he has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

-1-

Judge Johnston determined that Hussar's federal petition cannot be granted because the merits of his claim were previously adjudicated in the Montana state courts and the operative decision is consistent with federal law. 28 U.S.C. § 2254(d)(4). Hussar brought this petition alleging: (1) that his public defender provided ineffective assistance, causing him to enter a guilty plea; and (2) that his felony Assault on a Peace Officer conviction is not supported by the factual record. (Doc. 14 at 5.) After reviewing the state court record and the Montana Supreme Court's decision affirming denial of postconviction relief, Judge Johnston concluded that Hussar knowingly entered a plea of guilty and admitted that the facts could support the conviction. (Doc. 14 at 9.)

Hussar's objections are not immediately clear, but the Court nonetheless reviews de novo whether the state court's adjudication of his claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The Court overrules the objections and adopts the recommendation to deny Hussar's petition.

Noting that Hussar's state postconviction proceeding was likely time-barred, the Montana Supreme Court nonetheless addressed the merits of his claim that he involuntarily or unknowingly pled guilty. *Montana v. Hussar*, 455 P.3d 448 (Mont. Sept. 17, 2019) (mem.). It concluded that Hussar could not succeed on his claim because

> The District Court granted additional time for Hussar to decide whether to enter a plea or proceed to trial, after which Hussar's counsel filed a second motion to vacate the trial and set another change of plea hearing. Hussar signed [a] . . . waiver of rights and entered a guilty plea to the revised charges, one of which had been reduced to a misdemeanor.

*Id.* Like Judge Johnston, the Court cannot find error in the Montana Supreme Court's decision. The trial court took precautions to ensure that Hussar entered his plea knowingly and voluntarily. Hussar has not shown that the State court misapplied federal law or misconstrued the facts.

The Court finds no clear error in the remaining portions of Judge Johnston's Findings and Recommendation. The Court does not find that "jurists of reason could disagree with [its] resolution of [Hussar's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 357 U.S. at 327. Thus, the Court adopts Judge Johnston's recommendation to deny a certificate of appealability.

Accordingly, IT IS ORDERED:

(1) Judge Johnston's Findings and Recommendation (Doc. 14) is

   ADOPTED;

(2) Hussar's Amended Petition (Doc. 4) is DENIED;

(3) A certificate of appealability is DENIED; and

(4) The Clerk of Court shall enter judgment in favor of Respondent and

   against Petitioner.

DATED this 27th day of May, 2020.

Dana L. Christensen, District Judge
United States District Court

-4-